**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| CLARENCE PERRY, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N13C-10-224 ALR |
| | ) | |
| HARTFORD UNDERWRITERS | ) | |
| INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

*Upon Defendant's Motion for Summary Judgment* – **GRANTED**

Submitted: May 4, 2015
Decided: June 3, 2015

This matter involves a dispute over insurance coverage between Plaintiff, Clarence Perry, and Defendant, Hartford Underwriters Insurance Company ("Hartford"). Upon consideration of Hartford's motion for summary judgment and Perry's opposition thereto, the Court makes the following findings:

1. In March 2007, Perry was insured under a personal homeowners insurance policy issued by Hartford. The policy identified 1017 East 13th Street, Wilmington, Delaware as Perry's residence.

2. Perry owned and operated a business, Perry Trucking, LLC, from his residence. Perry did not have a commercial insurance policy with Hartford or any other insurance company to insure the business activities of Perry Trucking or losses associated with the business.

3. Perry employed Robert White as a truck driver. If assigned a job, White used the Perry Trucking dump truck. Although White had a key for the truck, he did not have permission to use the truck for other purposes.

4. Around 6 o'clock in the morning on March 17, 2007, Perry noticed the Perry Trucking dump truck was not parked in front of his residence. Perry had not assigned White a job for March 17. When Perry confronted White about the missing truck, White admitted that White was using the Perry Trucking dump truck to complete a job unaffiliated with Perry Trucking. When White returned the Perry Trucking dump truck to Perry's residence on March 17, Perry fired White and attempted to give White his final paycheck. At this point, Perry and White had a verbal and physical altercation.

5. Perry faced criminal charges for assaulting White. On May 2, 2007, Perry pled guilty to Assault Third Degree, admitting that he "intentionally or recklessly cause[d] physical injury to another person."[1]

6. Anticipating a civil lawsuit, on September 17, 2008, Perry submitted a claim with Hartford under Perry's homeowner's policy. Perry recited the facts of the March 17 altercation and provided Hartford with a copy of the criminal complaint against Perry alleging assault and battery against White. On September 25, 2008, Hartford denied Perry's claim for coverage on several

---

[1] 11 *Del. C.* § 611.

grounds, including an exclusion for business activity. Specifically, Hartford claimed that the personal injury suffered by White arose out of dispute related to Perry's trucking business and was therefore not covered by Perry's homeowner's policy.

7. On October 29, 2008, White filed a civil action against Perry and Perry Trucking alleging intentional and negligent conduct.[2] After a two-day trial, a jury found in favor of White and entered a verdict against Perry and Perry Trucking for $64,100.00. The jury rejected Perry's self-defense claim.

8. On October 18, 2013, Perry filed this insurance coverage dispute, claiming Hartford failed to defend and indemnify Perry in connection with the 2008 civil claim by White. On February 18, 2014, Hartford filed a motion for judgment on the pleadings, which the Court denied on March 12, 2014.

9. On March 30, 2015, after discovery was completed, Hartford filed the pending motion for summary judgment on the grounds that the policy excludes coverage for White's claim against Perry. According to Hartford, the policy does not provide coverage for Perry's conduct in the March 17 altercation for several reasons, including an exclusion that applies because Perry's liability arose from operating a business.[3]

---

[2] *White v. Perry*, C.A. No. 08C-10-272 CHT (Del. Super. Oct. 29, 2008).
[3] Because the Court finds that the business exclusion applies, the Court does not address Hartford's other bases for declining coverage.

3

10.  In opposition, Perry maintains that there are genuine issues of material fact which defeat summary judgment.  Perry contends that the trier of fact must consider the nature of the personal relationship between the parties and the circumstances that gave rise to the March 17 altercation.  Specifically, Perry contends that he and White had been friends before they were business associates.

11. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]  The moving party bears the initial burden of proof and, if satisfied, the burden shifts to the non-moving party to show that material issues of fact exist.[5]  The Court must view the facts "in the light most favorable to the non-moving party."[6]

12. The Court's interpretation of the policy is a question of law.[7]  Where the language is clear and unambiguous, "parties will be bound by the plain and common meaning of the policy language."[8]  Here, the parties agree the language of the policy is clear and unambiguous.

---

[4] Super. Ct. Civ. R. 56.
[5] *Moore v. Sizemore*, 405 A.2d 679, 680–81 (Del. 1979).
[6] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[7] *O'Brien v. Progressive Northern Ins. Co*, 785 A.2d 281, 286 (Del. 2001).
[8] *Engerbretsen v. Engerbretsen*, 675 A.2d 13, 17 (Del. Super. 1995).

13. The policy *excludes* personal liability coverage for loss from "'[b]odily injury' . . . arising out of or in connection with a 'business' conducted from an 'insured location.'"[9] The policy defines business as a "trade, profession or occupation engaged in on a full-time, part-time or occasional basis; or [a]ny other activity engaged in for money."[10]

14. Delaware decisional law defines a business pursuit as a "continuous or regular activity, done for the purpose of earning profit, including part-time or supplemental income activities."[11] The record is clear, even viewing the facts in the light most favorable to Perry, that the reason White was at Perry's residence on March 17 was to return the Perry Trucking dump truck *and* to collect his paycheck.

15. The Court is satisfied that there is no genuine issue as to any material fact and Hartford is entitled to summary judgment. Perry owned and operated a trucking business on his residence and employed White to drive his dump truck. The policy at issue excludes coverage for the loss arising out of or in connection with a business–Perry Trucking–conducted from an insured location–Perry's residence. The increased risk associated with operating a business is exactly what Hartford sought to exclude and, indeed, did exclude

---

[9] Def.s Mot. Summ. J., Ex. A, Policy at II.E.2., 32 of 41.

[10] *Id.* at B.3.a-b, 1 of 41.

[11] *Delaware Ins. Guard. Ass'n v. Valley Forge Ins. Co.*, 1992 WL 147998, at *5 (Del. Super. June 9, 1992).

from coverage under the homeowner's policy Hartford issued to Perry. Accordingly, Hartford is entitled to summary judgment as a matter of law.

**NOW, THEREFORE, on this 3ʳᵈ day of June 2015, Defendant's Motion for Summary Judgment is hereby GRANTED. Judgment is hereby entered in favor of Defendant Hartford Underwriters Insurance Company and against Plaintiff Clarence Perry.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**